Allen, J.
delivered the opinion of the court.
Lyons purchased of Drake and Thorpe a small tract of land in Wood county, for which he agreed to pay the sum of 600 dollars. Of this, 100 dollars was paid in property at the time of the sale, and as Drake alleges was received by Thorpe. For the residue of the purchase money Lyons executed six notes, four for 100 dollars each, and two for 50 dollars, three of them made payable to Drake and three to Thorpe.
*55 Drake assigned one of the 100 dollar notes made payable to him, to Farrow, wbo subsequently assigned portions thereof to others. Upon this note a judg- • ment was recovered by Farrow as assignee against Lyons, who thereupon obtained an injunction setting up various grounds for relief, of which it is unnecessary to notice any but one. In his bill he alleges that after the contract, finding himself unable to complete the purchase, the contract, by mutual agreement, was rescinded: That he surrendered up the title bond executed to him by the vendors, and received from Thorpe the notes he had executed to him, and Drake promised to surrender his; and that Drake thereafter took possession of the land sold and gave a deed of trust upon it. Drake in his answer admits that the contract was canceled and the lot was surrendered to him; but avers it was expressly understood that the appellee Lyons was to pay the 100 dollar note which he had assigned to Farrow. On the hearing the court considering that as the agreement to cancel the contract was made after notice of the assignment, the rights of the assignees could not be affected by the rescission of the contract of sale, and therefore dissolved the injunction and dismissed the bill as to the assignees: thus giving them the benefit of their judgment. From this portion of the decree Lyons has not appealed, and he is the only party who could complain of it.
But the court furthermore considering that the contract of rescission was proved, and that Drake had no right to require Lyons to pay the 100 dollar note, gave Lyons a decree over against Drake for the amount thereof. From this decree Drake has appealed, and assigns as error, that Thorpe, who united in the sale of the land, was a necessary party, before the court could rescind the contract. The court did not rescind ox cancel the contract: the bill alleged that the contract had been, rescinded by the parties; the title bond and *56 possession surrendered, and that Thorpe had delivered up his notes. The answer of Drake admits the agreement to rescind, and its execution by a surrender of the property to himself; and that he thereafter conveyed it in a deed of trust: And the deposition of Thorpe and the other evidence shows that the contract of rescission was fully executed by the surrender of the title bond, and giving up to the vendors possession of the premises. There was no controversy, therefore, as to the rescission of the contract; it was admitted: Nor was there any necessity for a decree to rescind; the contract was fully executed..
But Drake avers there was an agreement at the time of the rescission personal to himself, with which Thorpe had no concern, by which Lyons assumed to pay the note he had assigned to Farrow. To the decision of this controversy growing out of the rescission of the contract of sale, it was not necessary that Thorpe should have been a party; and there was no error in proceeding to hear the cause without requiring him to be made a party.
It is further assigned as error that the court had no authority to rescind, and that it did not rescind, the contract of rescission. These objections have already been answered. The court was not called upon to rescind and did not rescind because that contract had been fully executed. Upon the merits as between Drake and Lyons, if the latter did agree to pay the assigned note as alleged by Drake, the burden of proof was on him to show it, and he has failed to do so. Every presumption is against the pretension that Lyons who had already lost the 100 dollars paid at the time of the purchase, should have agreed to pay still more to be relieved from a purchase he was unable to complete.
But we think there was error in decreeing that Lyons should recover from Drake the 100 dollars, and that he might at once enforce payment thereof by exe *57 cution. Drake had assigned the note executed by Lyons to Farrow. If the assignee should fail in collecting the money from Lyons, Drake as assignor would be responsible. But in the mean time he may have been compelled to pay the decree against him to Lyons or any transferree of Lyons. The right of Lyons to a decree over results from his being compelled to pay to Drake’s assignee a note which Drake should have surrendered, and for which, if not paid, Drake would be responsible. Lyons should not have been permitted to collect the decree from Drake until he had paid off the judgment on the note, or released Drake from his liability as assignor of the note on which the judgment was obtained. We think this is a substantial error which might have subjected Drake to irreparable loss, a result by no means improbable, as the record shows Lyons had been discharged as a bankrupt. For this error so much of the decree as authorizes Lyons to collect the amount decreed in his favor against Drake before he shall show to the court that he has paid off the amount of the judgment enjoined, or that Drake has been otherwise released from his liability as assignor of the note upon which said judgment was rendered, should he reversed, with costs to the appellant.